BASCHAB, Judge
(dissenting).
For the reasons set forth below, I must respectfully dissent from the majority’s unpublished memorandum.
First, the majority incorrectly concludes that the juvenile court had jurisdiction to order the appellant’s parents to pay restitution in this case. Rule 31(F), Ala. R. Juv. P., specifically states, in pertinent part, that “[t]he parentfs] ... joinder as a party makes the parent ... subject to orders to pay ... restitution.” As the majority notes, the juvenile court did not order that the appellant’s parents be made parties to the proceeding. Because the juvenile court did not follow the procedure set forth in Rule 31, Ala. R. Juv. P., for making a parent a party to a juvenile proceeding, that court did not have jurisdiction to order the appellant’s parents to pay restitution in this case. To hold otherwise would allow courts to hold a person responsible for acts with which he has not been properly charged.
*104 Second, the majority incorrectly concludes that the court’s observation in D.W.L. v. State, 821 So.2d 246 (Ala.Crim.App.2001), that “[t]he due process afforded D.W.L.’s father in this case put him on notice of his potential liability in the case and provided him with a forum for presenting evidence to rebut the testimony regarding the value of the property destroyed by [the two juveniles]” applies to this case. Although the petitions against the appellant included a notice that a parent could be made a party to the proceeding and could be ordered to pay restitution, the juvenile court did not ever actually make the appellant’s parents parties to the proceeding. Also, during the restitution hearing, the juvenile court did not indicate that it was going to order the appellant’s parents to pay restitution. Nevertheless, when it issued its order nearly one month later, it ordered the appellant’s parents to pay $1,000 in restitution. Under these facts, the juvenile court did not afford the appellant’s parents due process.
For the above-stated reasons, I would reverse that portion of the juvenile court’s order that requires the appellant’s parents to pay restitution in this case.